## Case No. 16,302.

### UNITED STATES v. SIXTEEN HOGS-HEADS OF TOBACCO.

[2 Bond, 137.] [1]

District Court, S. D. Ohio.  Oct. Term, 1867.

FORFEITURES UNDER INTERNAL REVENUE LAWS—SEIZURE OF TOBACCO—TOOLS, IMPLEMENTS, ETC.—FRAUD—PLEADING.

1. Under section 9 of the act of July 13, 1866 [14 Stat. 101], in a proceeding against a manufacturer of tobacco, alleging frauds under said section, the raw material found, if intended to be used for a fraudulent purpose, may be seized, and is subject to forfeiture, without reference to the place where it is found.

2. It is not necessary to set forth the facts from which the fraudulent intention alleged is inferred. It is sufficient that the charge of fraud is made in the words of the statute.

3. But in reference to tools, implements, and other personal property, the statute makes it necessary, as a ground of forfeiture, that they should be found in the place or building, or within the yard or inclosure, where they were intended to be used; and an article in an information, claiming a forfeiture of such property, is defective without such averment.

4. As there is no such averment in this information, the exception to that part of the fifth article, claiming the forfeiture of tools, implements, etc., is sustained.

5. The district attorney is, however, allowed to amend said article; but, if not amended, the court will order this part of the property seized to be restored to the claimants.

Information of forfeiture.

R. M. Corwine, U. S. Dist. Atty.
Stallo & Kittredge, for claimants.

LEAVITT, District Judge. This is an information, filed by the district attorney, claiming the forfeiture of sixteen hogsheads of tobacco and other property, on five different allegations of fraud set forth in separate articles in the information. The claimants of the property proceeded against are Meyerman & Kenneweg, extensive dealers in and manufacturers of tobacco, in the city of Cincinnati. They have appeared by counsel, and have filed exceptions to the information, which present the first question for the consideration of the court.

The exceptions are to the fifth article in the information, and are based upon the ground that the property specified in that article was not subject to seizure, and is not liable to forfeiture under this information. The claimants ask, therefore, that this property may be released from seizure and restored to their possession. The decision of this question does not require a special notice of the other articles in the information. All the articles are based on section 9 of the revenue statute of July 13, 1866. They allege several distinct acts of fraud, on the part of the claimants, in conducting their establishment as manufacturers of tobacco. It is claimed by the district attorney, that under the sweeping opera-

tion of the section referred to, not only the manufactured tobacco, found in the possession of the claimants, or within their custody or control, but also all raw material, and all the tools, implements, furniture, and other personal property pertaining to the manufactory, were infected with fraud and subject to seizure and forfeiture. Section 9 is very comprehensive in its language. It authorizes the seizure and provides for the forfeiture of all articles or property, subject to taxation, in the possession or custody of the manufacturer, for the purpose of being removed or sold, with intent to evade the payment of the tax imposed on them, and the collector has reason to believe fraud is intended. The section also provides, that all raw material on hand, intended to be used for a fraudulent purpose, shall be liable to seizure and forfeiture. And then follows a clause, declaring that "all tools, implements, instruments, and personal property whatever, in the place or building, or within any yard or inclosure where such articles on which duties are imposed as aforesaid, and intended to be used in the fraudulent manufacture of such raw material, shall be found," shall be forfeited.

As stated before, the exception is to the fifth article of the information, so far as it claims the forfeiture of the raw material, and the tools, implements, and other personal property of the claimants. The counsel for the claimants insist that this article is defective, and does not come within the terms of section 9 of the statute, in not averring that the raw material, tools, etc., were found "within any yard or inclosure," as provided for in that section. In other words, it is claimed that this property, under the allegations of the fifth article, was not liable to seizure, and no judgment of forfeiture can pass against it. As to the raw material seized, it is clear the exception can not be sustained. It is immaterial where it was found, or in whose possession, if it be alleged it was intended to be fraudulently used or disposed of. This is distinctly averred in the fifth article in the information, and is within the words of the statute referred to. It is not necessary to set forth the facts from which the fraudulent intention alleged is inferred. It is sufficient that the charge of fraud is made in the words of the statute. The fact of the fraudulent intent will be a matter of inquiry and proof on the hearing. But the fifth article, in relation to the tools, implements, etc., is clearly defective, in not alleging they were found in the place or building, or within the yard or inclosure where they were intended to be fraudulently used. The object of this provision obviously was, to prevent the future use of the tools and implements for a fraudulent purpose. And the statute makes it material, as a ground of forfeiture, that they should be found on or about the manufactory in reference to which the charges of fraud are made.

---

1 [Reported by Lewis H. Bond, Esq., and here reprinted by permission.]

They may, by a fair sale, have passed into the possession of a bona fide holder, and may be found at a place and under circumstances negativing any presumption of their use for any fraudulent purpose. It is, therefore, a just and reasonable requirement of the statute, that to subject them to forfeiture the property should have been found on the premises of the manufactory. And if this, under the statute, is a necessary basis of forfeiture,.it must be set forth in the information. This exception to the information must therefore be sustained.

But leave will be given to the district attorney to amend the information, by adding to the fifth article the necessary averment, if it can be so amended, in reference to the facts of the case. If not so amended, the court has clearly the power to order the restoration·of the property in question to the claimant; and such an order will be made on application for that purpose.